## JAMES E. YOUNG, Respondent, v. BANK OF WARREN COUNTY, Appellant.

### St. Louis Court of Appeals, January 21, 1902.

Testimony: DISCRETION OF TRIAL COURT: PRACTICE, TRIAL: PRACTICE, APPELLATE: NEWLY-DISCOVERED EVIDENCE: NEW TRIAL. In the case at bar, the tendency of the newly-discovered evidence to sustain appellant's case is so extremely slight that the appellate court does not think it weighs seriously against the affirmative and well-nigh conclusive proof that plaintiff did make the deposit in defendant's bank as he claimed. At all events, it was a fair exercise of the lower court's discretion to grant a new trial on the showing made.

Appeal from Warren Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*Peers & Morsey* for appellant.

The application for new trial on the ground of newly-discovered evidence should have been sustained. To sustain such application it should appear that the evidence is newly discovered, not cumulative, such as to render a different result probable on a re-trial. Haynes New Trials, sec. 88; Graham & Waterman, New Trials, 462.

*Robt. Shackelford* for respondent.

GOODE, J.—This action grew out of a dispute between the parties as to whether the respondent made a deposit of one hundred and seventy-five dollars in the appellant bank on the sixteenth day of August, 1899. He claims he did make a deposit of said amount on that date; whereas, the appellant claims that in fact he checked out of the bank the sum of one hundred and seventy-five dollars instead, and that he made a deposit of one hundred and eighty-five dollars on the next day, to-wit, the seventeenth day of August, which respondent says was a different transaction.

Plaintiff himself and A. B. Dryden, a witness, testified that on said sixteenth day of August, Dryden gave plaintiff a check for one hundred and eighty-seven dollars and fifty cents on the Wellsville Bank of Wellsville, Missouri, for two mules and a horse which he had purchased from the plaintiff; that Dryden and plaintiff went to the defendant bank in the town of Warrenton where Dryden drew said check; that plaintiff asked the cashier to give him twelve dollars and fifty cents in money and said he would deposit the rest, to-wit, one hundred and seventy-five dollars; that the cashier gave plaintiff a duplicate deposit-slip and paid him twelve dollars and fifty cents in cash. Dryden further testified that the said sixteenth day of August was the only day during several months he was in Warrenton.

There is a discrepancy in the books of the bank; the daybook or journal showing that plaintiff withdrew the sum of one hundred and seventy-five dollars by check on the sixteenth of August, and the individual ledger showing he made a deposit of that amount. The cashier of the bank testified the journal was right.

The plaintiff having obtained a judgment, defendant filed a motion for a new trial supported by an affidavit to the effect that since the trial new and material evidence had been found tending to support defendant's position in the matter. This evidence was, that the cashier of the bank of Wellsville

on which Dryden had drawn his check in favor of plaintiff, would testify that his bank cashed that check on the nineteenth day of August instead of the eighteenth as the stamp of the bank on the check showed, the latter date having been impressed on it on account of the failure of the cashier to change the date of the stamp from the eighteenth to the nineteenth of August before he cancelled the check with it; also, that it could be proven by the cashier of the Continental National Bank of St. Louis that Dryden's check had reached it on the eighteenth day of August and had been sent by it the same day to the Wellsville Bank; whereas, it would have gone forward on the seventeenth if it had been forwarded on the sixteenth of August. The testimony was that the bank of Warrenton was accustomed to send its exchange to its St. Louis correspondent on the day it got it, and that in due course of mail it would get to the St. Louis Bank the next day; so that if Dryden's check had been actually deposited by plaintiff on the sixteenth day of August as he claimed, it would have reached St. Louis on the seventeenth and been sent by the Continental National Bank to the Bank of Wellsville on the eighteenth and paid by the last-named bank on that day.

In face of the positive testimony of Dryden and Young that the deposit was made on the sixteenth day of August and the discrepancy in the defendant's books in regard to the actual transaction between it and plaintiff on that day, we do not think the trial court abused its discretion in overruling the motion for a new trial. Ferris, the cashier of the bank, testified that he knew nothing of the transaction except what he gathered from the books and the customary way of doing the bank's business. He may not have forwarded the Dryden check to the St. Louis bank until the day after it was received by him, or if put in the mail, it may have been delayed. The tendency of this testimony to sustain the appellant's case is so extremely slight we do not think it weighs seriously against the affirmative and well-nigh conclusive proof that plaintiff

did make the deposit as he claimed. At all events, it was a fair exercise of the lower court's discretion to decline to grant a new trial on the showing made.

The judgment is affirmed. All concur.